IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

```
UNITED STATES OF AMERICA      )
                              )
v.                            )    CASE NO. CR419-172
                              )
KAJONA SENQA NESBITT,         )
                              )
     Defendant.               )
                              )
```

## O R D E R

Before the Court is Defendant Kajona Senqa Nesbitt's Motion for Sentence Reduction Pursuant to 28 U.S.C. § 2241 (Doc. 38), which the Government has opposed (Doc. 39). In his motion, Defendant argues that the Bureau of Prisons ("BOP") has improperly calculated his sentence and requests that the Court grant him credit towards his federal sentence. (Doc. 38 at 1.) Specifically, Defendant avers that he should be eligible for a one-year sentence reduction because he completed the Residential Drug Abuse Program. (Id.) After careful consideration, Defendant's motion (Doc. 38) is **DISMISSED**.

In January 2020, Defendant pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). (Doc. 22.) Defendant was sentenced to 65 months' imprisonment. (Doc. 35 at 2.) According to the Federal Bureau of Prisons' ("BOP") website, Defendant is currently incarcerated at Federal Correctional Institution ("FCI") Petersburg Medium located in Hopewell,

Virginia, with a projected release date of November 29, 2023. See BOP Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited on August 30, 2021).

The BOP, not the Court, possesses the authority to determine the manner in which credit for prior custody is applied toward a federal sentence. Rodriguez v. Lamer, 60 F.3d 745, 747 (11th Cir. 1995) ("[T]he Attorney General—acting through the BOP—initially possesses the exclusive authority under the law of this Circuit to compute sentence credit awards after sentencing."); United States v. Roberson, 746 F. App'x 883, 885 (11th Cir. 2018) ("The Supreme Court has held that the responsibility for determining sentence-credit awards lies with the Attorney General, through the BOP, as opposed to district courts."). "Granting credit for time served is initially an administrative function, so a federal prisoner must pursue an administrative remedy through the prison system before seeking judicial review." United States v. Martin, 362 F. App'x 69, 70 (11th Cir. 2010). As highlighted by the Government, however, Defendant has not demonstrated that he sought administrative relief through the BOP, as is required, before filing his request with the Court. (Doc. 38 at 2-3.)

Even assuming that Defendant has exhausted his administrative remedies with the BOP, this Court lacks jurisdiction to consider Defendant's motion. The proper procedure for Defendant to mount a judicial challenge to the BOP's decision is to file a civil action under 28 U.S.C. § 2241 in the district and division of his confinement. See United States v. Lassiter, 812 F. App'x 896, 900

2

(11th Cir. 2020) ("Although the district court for the Southern District of Alabama had sentenced Appellant, it had no jurisdiction to entertain his § 2241 petition for sentencing credit when Appellant was incarcerated in another district."); Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991). Here, Defendant is currently incarcerated at FCI Petersburg Medium in Hopewell, Virginia. Accordingly, if Defendant wishes to challenge the BOP's decision, Defendant must file a § 2241 petition for sentencing credit in the United States District Court for the Eastern District of Virginia, Richmond Division. Because this Court lacks jurisdiction to consider Defendant's motion, Defendant's motion (Doc. 38) is **DISMISSED**.[1]

SO ORDERED this 31ST day of August 2021.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] Defendant also filed a Motion for Appointment of Counsel. (Doc. 37.) The Court may appoint counsel for an indigent defendant "only when the interests of justice or due process so require." Schultz v. Wainwright, 701 F.2d 900, 901 (11th Cir. 1983). In this case, it does not appear that the interests of justice require that Defendant be afforded counsel. Accordingly, Defendant's motion for appointment of counsel (Doc. 37) is **DENIED**.

3